# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7448 PA (RAOx) | Date | October 13, 2017 |
|---|---|---|---|
| Title | Hector Acuña v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (Docket No. 1.) In its Notice of Removal, Wells Fargo asserts that this Court has jurisdiction over the action brought against it by plaintiff Hector Acuña ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I. Background

On August 17, 2017, Plaintiff filed a complaint in Los Angeles County Superior Court. (Notice of Removal Ex. A ("Compl.").) The complaint generally relates to Plaintiff's employment as an Assistant Branch Manager at one of Wells Fargo's locations. Plaintiff asserts claims against Wells Fargo, another employee named Hassan Reheem ("Reheem"), and multiple Doe defendants. Specifically, the complaint alleges causes of action for (1) discrimination based on Plaintiff's race in violation of the California Fair Employment and Housing Act; (2) violation of public policy; (3) retaliation in violation of public policy; and (4) intentional infliction of emotional distress ("IIED"). The first three causes of action are asserted against only Wells Fargo and the Doe defendants, while the IIED claim is asserted against all defendants.

Wells Fargo was served with the complaint on September 19, 2017. (Notice of Removal ¶ 3.) On October 11, 2017, Wells Fargo filed this Notice of Removal.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7448 PA (RAOx) | Date | October 13, 2017 |
|---|---|---|---|
| Title | Hector Acuña v. Wells Fargo Bank, N.A., et al. | | |

seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      In attempting to invoke this Court's diversity jurisdiction, Wells Fargo must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

      The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7448 PA (RAOx) | Date | October 13, 2017 |
|---|---|---|---|
| Title | Hector Acuña v. Wells Fargo Bank, N.A., et al. | | |

### III. Analysis

In its notice of Removal, Wells Fargo asserts that Plaintiff is a citizen of California, it is a citizen of South Dakota, and co-defendant Reheem is a sham defendant whose citizenship should be disregarded. (Notice of Removal ¶¶ 6-15.)

#### A. Plaintiff's Citizenship Has Not Been Established

Wells Fargo states that "Plaintiff alleges, and Wells Fargo is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California." (Notice of Removal ¶ 6.) The cited portion of the complaint, however, states only that Plaintiff "is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California." (Compl. ¶ 1.) Wells Fargo asserts that "[r]esidence is prima facie evidence of domicile" and that it "is informed and believes . . . that Plaintiff was domiciled in California while he worked for Wells Fargo in California." (Notice of Removal ¶ 6.)

The complaint alleges Plaintiff's residence only, and Wells Fargo does not provide any additional information about Plaintiff's citizenship. Because a person's residence – even his primary residence – is not the same as his domicile, the complaint's allegations are insufficient to establish Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Therefore, the Notice of Removal does not adequately allege Plaintiff's citizenship, and Wells Fargo has failed to demonstrate that complete diversity exists. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").

#### B. Defendant Reheem Has Not Been Shown to Be a Sham Defendant

The Complaint alleges only that Reheem is a resident of California (Compl. ¶ 2), but Wells Fargo does not contend that he should be considered a citizen of any other state (see generally Notice of Removal). Rather, Wells Fargo argues that Reheem's citizenship should be disregarded because Plaintiff fraudulently joined Reheem in order to defeat diversity jurisdiction. (Id. ¶¶ 9-15.) Specifically, Wells Fargo argues that the only claim asserted against Reheem, for IIED, is barred by the Workers' Compensation Act. (Id. ¶¶ 10, 12-13.) Wells Fargo also argues that the claim fails because it is unsupported by factual allegations giving rise to liability against an individual manager. (Id. ¶¶ 10, 14)

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles, 845 F. Supp. 2d at 1062 (brackets in original) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7448 PA (RAOx) | Date | October 13, 2017 |
|---|---|---|---|
| Title | Hector Acuña v. Wells Fargo Bank, N.A., et al. | | |

2002)). It is true that, as Wells Fargo contends, workers' compensation generally provides the exclusive remedy for wrongful conduct occurring at the worksite, including claims of IIED. See Miklosy v. Regents of Univ. of Cal., 188 P.3d 629, 645 (Cal. 2008). However, exceptions to this rule exist for conduct that contravenes fundamental public policy and for conduct that exceeds the risks inherent in the employment relationship. See id. at 645-46 (discussing Livitsanos v. Superior Court, 828 P.2d 1195 (Cal. 1992)). Wells Fargo addresses only the former exception; it does not even attempt to argue that the latter is inapplicable here. (See Notice of Removal ¶ 13.)

The Court finds that Wells Fargo has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on his claim against Reheem. See Plute, 141 F. Supp. 2d at 1008. "Some courts after Miklosy have found that IIED claims based upon alleged discrimination do fall outside the normal course of an employer-employee relationship and thus are not barred by the [Workers' Compensation] Act's exclusivity provisions." Zolensky v. Am. Medflight, Inc., No. 2:16-cv-00788-KJM-KJN, 2017 WL 1133926, at *7-8 (E.D. Cal. Mar. 27, 2017) (finding that the exception did not apply in that case because the plaintiff did not allege discrimination based on race, religion, age, gender, or the like); see Vanderhule v. Amerisource Bergen Drug Corp., No. SACV 16-2104 JVS (JCGx), 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017) (stating that "California district courts have generally not applied Miklosy to discrimination claims" and collecting cases). Here, Plaintiff asserts in his IIED claim that each of the defendants "engaged in outrageous conduct including disriminatory and retaliatory conduct against Plaintiff." (Compl. ¶ 39.) Plaintiff's claim thus may not be precluded by the Workers' Compensation Act. See, e.g., Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048 (C.D. Cal. 2013) ("Plaintiff's intentional infliction of emotional distress claim is based on the allegation that Defendant Nersissian repeatedly threatened to terminate him, while also disparaging his accent. Defendants have failed to show that Plaintiff's claim is impossible as a matter of California law. Specifically, Defendants have not shown whether Defendant Nersissian's acts are within the 'normal risks' of the employment relationship or the fundamental public policy of California. To the contrary, the Ninth Circuit has held that racial discrimination is not a 'normal part' of the workplace.").

To the extent that Plaintiff's allegations currently do not fall within an exception to the Workers' Compensation Act's exclusivity provisions or are deficiently pled, the Court cannot conclude, on this record, that Plaintiff would not be afforded leave to amend his complaint to state a viable claim against Reheem. See Padilla, 697 F. Supp. 2d at 1159; see also Maciel v. Signature Flight Support Corp., No. 2:14-cv-03403-CAS(Ex), 2014 WL 2472309, at *3 (C.D. Cal. June 2, 2014) ("[A]n exception to [preemption] exists if the conduct underlying the IIED claim 'contravenes fundamental public policy.' Such 'fundamental public policy' must have a 'basis in either constitutional or statutory provisions.' Here, it is possible that plaintiff will be able to amend her complaint to allege a basis for an IIED claim that contravenes a 'fundamental public policy.'" (citations omitted)); Birkhead v. Parker, No. C 12-2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct [to support an IIED claim], Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege any viable claim against Parker under California

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7448 PA (RAOx) | Date | October 13, 2017 |
|---|---|---|---|
| Title | Hector Acuña v. Wells Fargo Bank, N.A., et al. | | |

law. . . . The defendant seeking removal based on fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant, but must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant."). As a result, the Court finds that Reheem has not been fraudulently joined.

As noted above, Reheem's citizenship has not been established, only his residence. Wells Fargo also has failed to establish that Reheem was fraudulently joined. Thus, the Court cannot determine if it has subject matter jurisdiction, but if Plaintiff and Reheem are both California citizens as Plaintiff alleges, there is not complete diversity, and this Court lacks subject matter jurisdiction.

## Conclusion

For the foregoing reasons, Wells Fargo has not met its burden of establishing that the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC672722. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.